UNITED STATES, Appellee

v

SON D. GLENN, Lance Corporal, U. S. Marine Corps, Appellant

22 USCMA 295, 46 CMR 295

No. 26,205

May 25, 1973

*Captain Charles J. Hely*, USMCR, argued the cause for Appellant, Accused. With him on the brief were *Captain F. G. Schonenberg, Jr.*, USMCR, and *Captain D. A. Higley*, USMC.

*Lieutenant Marion E. James*, JAGC, USNR, argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel G. L. Bailey*, USMC, and *Lieutenant Commander Harvey E. Little*, JAGC, USN.

## Opinion

QUINN, Judge:

This case brings up for review the validity of a search of accused's auto at the entrance to the Marine Corps Air Station, El Toro, Santa Ana, California. The trial judge ruled the search was lawful, both because the accused had consented to it and a station regulation, designed to protect the air station against the introduction of explosives, narcotics, marijuana, and other contraband, authorized it.

Sergeant Drew made the search pursuant to instructions providing for random inspection of vehicles entering the station. These instructions required the inspector, first, to introduce himself to the driver of the vehicle as a member of the Provost Marshal's office, and then to "ask for voluntary consent to conduct a search of the vehicle for contraband." If "the consent . . . [was] obtained," the inspector requested occupants of the vehicle to "dismount" so that the vehicle could be inspected.

Drew testified that when the accused's car was stopped, he addressed him as the driver. He introduced himself as a member of the "marijuana detecting dog section." A dog was at his side. He then indicated to the accused that he "would like to inspect his vehicle." Without apparent nervousness or reluctance, the accused responded with an "O.K." In his own

testimony, the accused maintained that Sergeant Drew stated "that he wanted to search" the car, but at another point in his testimony, he admitted that Drew "asked permission to search my car," and he responded "Yes" or "O.K."; thereupon, he "got out of the car and let him search it." A passenger in the accused's car also testified that Sergeant Drew "asked if it was alright to search the car," and the accused answered "Yes."

The burden of establishing the lawfulness of an intrusion by the Government into the private property of an individual rests upon it. United States v Lange, 15 USCMA 486, 35 CMR 458 (1965). Here, it is unnecessary to consider whether the evidence, as distinguished from argument by trial counsel, is sufficient to demonstrate "reasonable cause" for the establishment of the gateway inspection system. See United States v Poundstone, 22 USCMA 277, 46 CMR 277 (1973). It is also unnecessary to decide whether, assuming the legality of a gateway inspection program, the "profile" used here to determine which vehicles to inspect was so unreasonable as to demonstrate, as contended by defense counsel at trial, that the inspection was not for the protection of the air station but a means to ferret out evidence of crime. United States v Mossbauer, 20 USCMA 584, 44 CMR 14 (1971); see also United States v Lopez, 328 F Supp 1077, 1101 (ED NY 1971). There is sufficient evidence to support the trial judge's finding of consent.

It has been suggested that "human experience indicate[s] that an individual who is carrying a weapon or some contraband . . . would not submit to a search unless he felt some compulsion to do so." Note, Airport Security Searches and the Fourth Amendment, 71 Colum L Rev 1039, 1048 (June 1971). It is, however, equally established by experience that one may believe evidence of crime in his possession is so secure against discovery that he has no hesitancy whatever in consenting to a search. United States v Wilcher, 4 USCMA 215, 218, 15 CMR 215, 218 (1954). There is evidence that the accused responded immediately and affirmatively to Sergeant Drew's request to inspect his vehicle, without apparent nervousness. These circumstances reasonably indicate the accused did not fear inspection. It can be inferred that he understood the inspection would be made by Sergeant Drew's dog, and concluded that it would be futile because the contraband he possessed was not marijuana. In fact, the initial inspection was by the dog, and it did not react. However, Sergeant Drew also inspected the vehicle, and he discovered the contrabrand, which consisted of capsules of LSD (lysergic acid diethylamide). The trial judge could have concluded that the accused erred in assuming the inspection would be made only by the dog, but that error did not convert consent into submission to apparent authority. Here, as in United States v Wilcher, supra at 218–219, 15 CMR at 218–219, "we cannot say, as a matter of law, that . . . [the evidence] is insufficient to support a finding of fact that the accused gave his consent to the search."

The decision of the Court of Military Review is affirmed.

DARDEN, Chief Judge (concurring in the result):

For the reasons set forth in my concurring opinion in United States v Poundstone, 22 USCMA 277, 46 CMR 277 (1973), I concur in the result.

DUNCAN, Judge (concurring in the result):

I concur in the result for the reason that the record contains evidence furnishing a sufficient basis for the finding that the accused consented to the search.